**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 06-CR-20411-DT

D-1 - RUDOLPH DALRON WILLIAMS,
D-2 - FRANK PIERCE,
D-3 - DARRYL PIERCE,
D-4 - DERRICK YOUNG,
D-5 - CLARENCE JACKSON,

    Defendants.

_____/

**ORDER REGARDING INTERIM PAYMENTS FOR COUNSEL**

Because of the expected length of the trial in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, pursuant to paragraph 2.30 B of the *Guidelines for the Administration of the Criminal Justice Act*, the following procedures for interim payments shall apply during the course of counsel's representation in this case.

**I. SUBMISSION OF VOUCHERS**

After expending a minimum total of $5,000.00 in either time or expenses, counsel shall submit to the court clerk an interim CJA Form 30, "Death Penalty Proceedings: Appointment and Authority to Pay Court Appointed Counsel." Compensation earned, and reimbursable expenses incurred, after the first $5,000.00 shall be submitted in increments of $5,000.00 or more through final disposition of this case. Each voucher shall be numbered when processed for payment. Counsel must complete items 18 and

21 on the form for each interim voucher. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter VI, as well as the applicable provisions of Chapter II, Part C of the *Guidelines for the Administration of the Criminal Justice Act*, outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours. The court will also authorize for payment all reimbursable expenses reasonably incurred. Following the court's approval, the interim vouchers will be submitted for payment. There is neither a statutory case compensation maximum for appointed counsel nor provision for review and approval by the chief judge of the circuit of the case compensation amount in capital cases.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all relevant documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case.

## II.  REIMBURSABLE EXPENSES

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $500.00 without prior approval of the

court.  Such approval may be sought by filing an *ex parte* application stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation.  An application seeking such approval may be filed *in camera*, if necessary.  Upon finding that the expense is reasonable, the court will authorize counsel to incur it.  Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than $500.00 on one or more interim vouchers are not considered single expenses requiring court approval.

With respect to travel outside of the county of Wayne for the purpose of consulting with the client or his former counsel, interviewing witnesses, etc., the $500.00 rule should be applied in the following manner: travel expenses, such as air fare, mileage, parking fees, meals and lodging should be claimed as itemized expenses.  However, if the reimbursement for expenses relating to a single trip will aggregate to an amount in excess of $500.00, the travel should receive prior approval of the court.

The following additional guidelines may be helpful to counsel:

A. Case-related travel by privately owned automobile should be claimed at the rate of 44.5 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls.  Transportation other than by privately owned automobile should be claimed on an actual expense basis.  Air travel in "first class" is prohibited.  Counsel and persons providing service under the CJA are required to contact the Financial Department (313-234-5070) for air travel authorization at government rates.

B. Actual expenses incurred for meals and lodging while traveling outside of the county of Wayne in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal

judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk's office.

C.  Telephone toll calls, telegrams, photocopying and photographs can all be reimbursable expenses if reasonably incurred.  However, general office overhead, such as rent, secretarial help and telephone service, is not a reimbursable expense, nor are items of a personal nature.  In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Federal Rule of Criminal Procedure 17 and 28 U.S.C. § 1825.

### III.  FURTHER QUESTIONS OR GUIDANCE

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. § 3006A; (2) the Plan of the United States District Court for the Eastern District of Michigan, available through the clerk's office; and (3) the *Guidelines for the Administration of the Criminal Justice Act*, published by the Administrative Office of the U.S. Courts, also available through the clerk's office. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to the court or the court's staff.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 15, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2006, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522