**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Case No. 06-CR-20411-DT

D-1 - RUDOLPH DALRON WILLIAMS,
D-2 - FRANK PIERCE,
D-3 - DARRYL PIERCE,
D-4 - DERRICK YOUNG,
D-5 - CLARENCE JACKSON,

      Defendants.

_____/

**ORDER REGARDING INTERIM PAYMENTS FOR EXPERT SERVICES**

Because of the expected length of the trial in this case, and the anticipated hardship on persons providing services pursuant to 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) for such a period without payment, in accordance with paragraph 6.03 D of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, Volume VII, *Guide to Judiciary Policies and Procedures*, the following procedures for interim payments shall apply during the period of time in which experts provide services in connection with this case.

**I. SUBMISSION OF VOUCHERS**

Persons providing services under 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) shall submit to the court clerk, after expending total of at least $3,000.00 in either time or expenses, an interim CJA Form 31, "Authorization and Voucher for Expert and Other Services." Compensation earned, and reimbursable expenses incurred, after

the first $3,000.00 shall be submitted in increments of $3,000.00 or more through final disposition of this case.  Each voucher shall be numbered when processed for payment.  Experts must complete item 17 on the form for each interim voucher submitted.  All interim vouchers shall be supported by detailed and itemized time and expense statements.  Chapter VI, as well as the applicable provisions of Chapter III of the *Guidelines for the Administration of the Criminal Justice Act*, outlines the procedures and rules for claims by persons providing services pursuant to 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) and should be followed regarding each voucher.

The court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for the approved number of hours.  The court will also authorize for payment all reimbursable expenses reasonably incurred.  The approved interim vouchers will then be forwarded to the Sixth Circuit for review and approval.  Following approval by the Sixth Circuit, the interim vouchers will be submitted for payment.

At the conclusion of the representation, the expert shall submit a final voucher seeking payment for representation provided during the final interim period.  The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all relevant documentation.  A statement should be attached to the voucher which reflects all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case.  After reviewing the final voucher, the court will submit it to the Sixth Circuit for review and approval.

## II.  REIMBURSABLE EXPENSES

Persons providing services under 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) may be reimbursed for out-of-pocket expenses reasonably incurred incident to the rendering of services.

The following additional guidelines may be helpful:

A. Case-related travel by privately owned automobile should be claimed at the rate of 44.5 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls.  Transportation other than by privately owned automobile should be claimed on an actual expense basis.  Air travel in "first class" is prohibited.  Persons providing service under the CJA are required to contact the Financial Department (313-234-5070) for air travel authorization at government rates.

B. Actual expenses incurred for meals and lodging while traveling outside of the county of Wayne in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. Consult the clerk's office for specific details concerning high-cost areas.

C. Telephone toll calls, telegrams, photocopying and photographs can all be reimbursable expenses if reasonably incurred.  However, general office overhead, such as rent, secretarial help and telephone service, is not a reimbursable expense, nor are items of a personal nature.  In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Federal Rule of Criminal Procedure 17 and 28 U.S.C. § 1825.

### III.  FURTHER QUESTIONS OR GUIDANCE

Answers to questions concerning services provided pursuant to 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) can generally be found in (1) these statutes; (2) the Plan of the United States District Court for the Eastern District of Michigan, available through the clerk's office; and (3) the *Guidelines for the Administration of the Criminal Justice Act*, published by the Administrative Office of the U.S. Courts, also available through the clerk's office.  Should these references fail to provide the desired clarification or direction, inquiries may be made directly to the court or the court's staff.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  December 15, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2006, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522