**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 06-CR-20411

RUDOLPH DALRON WILLIAMS, et al.,

    Defendants.
                                                       /

**ORDER DIRECTING THE GOVERNMENT TO PROVIDE TO DEFENDANTS AND LODGE WITH THE COURT ANY DEFENDANT'S STATEMENT THAT THE GOVERNMENT INTENDS TO USE AS EVIDENCE WITH PROPOSED REDACTIONS TO COMPLY WITH *BRUTON V. UNITED STATES***

Pending before the court are Defendants Rudolph Williams, Frank Pierce, and Derrick Young's separate motions for severance. Having reviewed the briefs, the court will order the Government to lodge with the court and provide to the Defendants any Defendant's statement that the Government intends to use as evidence with proposed redactions to protect the Defendants' Sixth Amendment Rights as set out in *Bruton v. United States*, 391 U.S. 123 (1968) and its progeny.

Defendants Rudolph Dalron Williams, Frank Pierce, Darryl Pierce, Derrick Young, and Clarence Jackson are charged in an indictment with conspiracy to possess with intent to distribute a controlled substance and with killing a person while engaged in an offense punishable under 18 U.S.C. § 924(c). With the exception of Darryl Pierce, all of the Defendants "provided post-arrest statements to the police admitting varying degrees of complicity in the instant offense." (Govt.'s Resp. at 1.)[1]

---

[1]The Government filed a separate response to each of the Defendants' motions for severance. Because each Defendant raised essentially the same Confrontation

Based on these statements, Defendants Rudolph Williams, Darryl Pierce, and Derrick Young filed motions for severance, requesting relief from prejudicial joinder under Federal Rule of Criminal Procedure 14.  Each Defendant argues that a joint trial will be prejudicial because the introduction of statements by co-Defendants will deprive the Defendant of his Sixth Amendment Right of Confrontation.  Specifically, each Defendant argues that the co-Defendant statements implicate him in the crime, and the Defendant will not be able to cross-examine the co-Defendants because they can exercise their constitutional right to not testify.  *See Bruton*, 391 U.S. 123.

In each of its response briefs, the Government argues that the "statements at issue in the instant case can be redacted in a fashion to satisfy Defendant's Sixth Amendment confrontation rights, thus avoiding the need for separate trials."  (Govt.'s Resp. at 4.)  The Government suggests redacting the statements "to indicate in the broadest possible terms that they each participated in the assault, robbery, and subsequent murder of Antonio Brown ("Brown") on January 3, 2006 in the City of Detroit."  (*Id.* at 5.)  The Government states that the redactions will not contain the word "deleted," blank spaces, or symbols, in order to comply with *Gray v. Maryland*, 523 U.S. 185 (1998).  These general proposals by the Government, however, do not enable the court to determine whether the proposed redactions will protect the Defendants' Sixth Amendment Rights thereby making severance unnecessary.  In order to properly rule on Defendants' motions for severance, the court needs to review the precise redactions proposed by the Government.  Accordingly,

---

Clause argument under *Bruton*, the Government filed essentially the same response to each motion.

IT IS ORDERED that the Government is DIRECTED to provide to the Defendants and to lodge, but not file, with the court by **November 24, 2009**, each Defendant's statement that the Government intends to use as evidence with proposed redactions to protect the Defendants' Sixth Amendment Right of Confrontation.  The court will hear argument on the Defendants' motions for severance [Dkt. # 148, 152, 158] at the hearing that has already been scheduled for **November 30, 2009**.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  November 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 17, 2009, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522