**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,

v.                                                        Case No. 06-CR-20411

RUDOLPH DALRON WILLIAMS, et al.,

                    Defendants.

_____/

**ORDER DENYING DEFENDANTS' "MOTION FOR WITNESS LIST"**

Pending before the court is Defendant Derrick Young's "Motion for Witness List,"
filed on October 16, 2009.  Defendant Rudolph Williams joins in this motion.  On
October 27, 2009, the Government filed a response.  Having reviewed the briefs, the
court concludes a hearing on this motion is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).
For the reasons stated below, the court will deny Defendants' motion.

In the motion, Defendants argue that they need a witness list sufficiently in
advance of trial so that they "can effectively prepare to cross-examine and impeach the
government witnesses" and so that they "can investigate and subpoena witnesses for
trial who could rebut their testimony or impeach their credibility."  (Defs.' Mot. ¶ 2.)
Defendants request that the court order the Government to provide a witness list sixty
days in advance of trial because the case is "so complex and so extended that
additional time is necessary for adequate preparation."  (*Id.* ¶ 3.)

In the brief in support of the motion, Defendants concede that they are not
entitled to a list of the prosecution witnesses as a matter of right.  (Defs.' Mot. Br. at 1.)

However, Defendants request that court exercise its discretion derived from its inherent power to promote the proper administration of criminal justice.  (*Id.*)

In its response, the Government argues that Defendants are not entitled to a list of the Government's witnesses.  (Govt.'s Resp. at 1.)  The Government contends that there is "a significant risk of harm to the [G]overnment's case and/or its witnesses if the [G]overnment were compelled to disclose its witnesses to the defense before the commencement of trial."  (*Id.* at 2.)

The general rule is that a "defendant is not entitled to a list of the names and addresses of the government's witnesses."  *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993) (citing Fed. R. Crim P. 16).  "[T]he United States is generally under no duty to provide the statement of a government witness until that witness has testified on direct examination in the case."  *United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980).  Although the Government has a duty to turn over exculpatory evidence, "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case . . . .").

Even though "[i]t is well recognized that defendants cannot obtain lists of prosecution witnesses as a matter of right," there is authority stating that "the district court has discretion to order the prosecution to produce it."  *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (per curiam); *United States v. Jackson*, 508 F.2d 1001, 1006-08 (7th Cir. 1975) ("[T]he courts that have considered the issue before us have recognized that the district court possesses, in the exercise of its inherent power

2

to promote the proper administration of criminal justice, the authority to require the Government to disclose its list of witnesses to be called at trial."). In *Kendricks*, the district court ordered the government to provide a witness list at least forty-eight hours before trial, and the Sixth Circuit held that the district court did not abuse its discretion when it denied the defendant's motion to dismiss based on the prosecutor's failure to comply with the court's order when it provided the witness list the morning of trial. *Kendricks*, 623 F.2d at 1168-69. In *Jackson*, the new district court judge, who had recently been reassigned a number of pending trials, ordered the government to produce the witness list in order to (1) facilitate docket control, (2) expedite the trial, and (3) ensure that prospective jurors were not acquainted with the witnesses. *Jackson*, 508 F.2d at 1007. Based on this context and "considering the requirements necessary to prove the elements of the offenses charged [and] the large number of defendants, witnesses, and exhibits thought to be involved," the Seventh Circuit held that the district court did not abuse its discretion by ordering the mutual disclosure of witnesses before trial. *Id.* at 1007-08.

In this case, the court will not exercise its discretion to order the Government to provide the Defendants with a witness list in advance of trial. The Government has proffered that witnesses and potential witnesses have been pressured by the Defendants not to testify or to testify falsely. (Govt.'s Resp. at 2.) This is a homicide case where the stakes are high – unlike in *Kendricks* (drug transaction in high school gymnasium involving twenty-five grams of heroin) and *Jackson* (mail theft). Defendants have not put forward a compelling need for the witness list that would justify putting potential witnesses in danger. Moreover, this court does not share the same concerns

3

as the *Jackson* court.  Although this court strives to manage trials in an efficient manner,

it does not need to control its docket by altering the traditional discovery rules governing

criminal trials, particularly given the relatively small size of the court's current docket.

Further, this case has been pending longer than most criminal trials because it was a

possible death-penalty case.  Defendants have had ample time to investigate potential

witnesses and prepare an examination of these witnesses.

   For these reasons, the court finds no reason to vary from the default rule that the

Government need not provide a witness list to the Defendants in advance of trial.

Accordingly,

   IT IS ORDERED that Defendants' "Motion for Witness List" [Dkt. # 153] is

DENIED.


        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE


Dated:  January 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 15, 2010, by electronic and/or ordinary mail.


        S/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522