**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 06-CR-20411

RUDOLPH DALRON WILLIAMS, et al.,

    Defendants.
                                           /

**ORDER DENYING DEFENDANTS' "MOTION TO COMPEL PROSECUTOR TO IDENTIFY STATEMENTS OFFERED UNDER FRE 801(D)(2)(E)"**

Pending before the court is Defendant Rudolph Williams' "Motion to Compel Prosecutor to Identify Statements Offered Under FRE 801(D)(2)(E)," filed on October 15, 2009. Defendants Derrick Young and Frank Pierce join in this motion. On October 27, 2009, the Government filed a response, and the Defendants filed a reply on November 16, 2009. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendants' motion.

Defendants request that the court enter an order compelling the Government to identify any statements it intends to introduce under Federal Rule of Evidence 801(d)(2)(E). (Defs.' Mot. at 1.) In the brief, Defendants set forth the findings that must be made before co-conspirator statements can be admitted pursuant to Rule 801(d)(2)(E). (Defs.' Mot. Br. at 2 (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)).) Defendants argue that the court should compel the Government to declare whether it intends to offer statements under Rule 801(d)(2)(E) in order to avoid delays during trial. (*Id.* at 3.) In this way, the court can make the *Enright* findings in advance,

which would serve the interests of judicial economy and avoid putting Defendants at a disadvantage. (*Id.* at 3-4.)

In its response, the Government argues that the law does not require it to reveal its witnesses prior to trial. (Govt.'s Resp. at 2.) It argues that an order requiring the Government to provide Defendants with co-conspirator statements of the Government's witnesses is prohibited by Federal Rule of Criminal Procedure 16 and the Jencks Act. (*Id.* at 3-4.) The Government further argues that the court cannot make an informed ruling on the co-conspirator statements without hearing the evidence at trial and therefore the admissibility of these statements is not the proper subject of a pretrial ruling. (*Id.* at 4.)

In the reply, Defendants deny that their motion is a broad discovery request beyond that permissible under Rule 16 and 18 U.S.C. § 3500. (Defs.' Reply at 1.) They insist that they are not seeking witness statements, but instead are seeking the statements of alleged co-conspirators who will not be testifying. (*Id.* at 3.)

Federal Rule of Criminal Procedure 16 does not "authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Title 18 U.S.C. § 3500 states that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. "The blunt command of the statue together with the unequivocal legislative history has led to unbroken precedent in the Court of Appeals denying to district courts the power to compel

production of the statements of government witnesses until conclusion of direct examination at trial." *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978).

To the extent that Defendants are requesting the production of the statements of Government witnesses, the court will deny the motion based on Federal Rule of Criminal Procedure 16 and the Jencks Act. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 16. But even putting aside the Government's concerns that this is an attempt at broad-based discovery not permitted by rule or statute, the court finds that the interests of judicial economy, asserted by Defendants in support of the motion, do not support their request for the Government's potential Rule 801(d)(2)(E) statements.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it is offered against a party and is "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." When determining the admissibility of statements under this Rule, the district court is required to find that: "(1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy." *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009) (noting that the Sixth Circuit "sometimes refer[s] to this as an *Enright* finding" based on *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)). Although the co-conspirator's statement can be used as evidence to support these findings, there must be also be "some independent, corroborating evidence" beyond the mere statement. *United States v. Clark*, 18 F.3d 1337, 1341-42 (6th Cir. 1994). "The district court may 'admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence.'" *Warman*, 578 F.3d at 335 (quoting *United States v. White*, 58 F. App'x 610, 614 (6th Cir. 2003)).

The court finds no reason to compel the Government to produce statements it intends to offer under the co-conspirator exception to the hearsay rule.  Defendants cite no authority where a court has required the Government to turn over statements that it intends to offer under this exception.  Nor have Defendants established that the Government intends to even offer statements under this exception.

Contrary to Defendants' arguments, litigating these issues at this stage in the proceedings would waste judicial resources and lead to a "trial within a trial."  As discussed above, if the Government intends to offer statements under Rule 801(d)(2)(E), then it is required to put forward independent evidence of the conspiracy and the defendant's involvement besides the statement itself.  *See Clark*, 18 F.3d at 1341-42.  Thus, in order to determine the admissibility of these statements, the court would have to hear additional evidence regarding the alleged conspiracy.  *See id.* Although holding a "mini-hearing" is one acceptable method for making *Enright* findings, the court finds that based on the circumstances of this case, it would be "burdensome, time-consuming, and uneconomic."  *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979) (noting that the "mini-hearing" method has its critics but that a trial judge "may choose to order the proof in this manner if the circumstances warrant").  The court will not require the Government to prove evidence of a conspiracy under Federal Rule of Evidence 801(d)(2)(E) at a pre-trial hearing, and then use the same evidence at trial to prove to a jury that Defendants engaged in the same conspiracy.  While Defendants would no doubt welcome the chance to preview the Government's case and how it intends to present that case to the jury, the court declines to force the Government to provide this roadmap, particularly when Defendants have put forth no compelling reason

to do so.  Accordingly,

IT IS ORDERED that Defendants' "Motion to Compel Prosecutor to Identify Statements Offered Under FRE 801(d)(2)(E)" [Dkt. #149] is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 15, 2010, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522