UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                Case No. 06-20411

RUDOLPH DARLON WILLIAMS,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In April 2010, Defendant Rudolph Darlon Williams pleaded guilty to one count of conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and one count of killing a person while engaged in an offense punishable under § 924(c) and aiding and abetting in such offense in violation of 18 U.S.C. § 924(j). He was sentenced to a term of imprisonment of 276 months. (ECF No. 267.)

Currently pending before the court is Defendant's motion for early release under 18 U.S.C. § 3582(c)(1)(A)(i) in which he argues that the spread of the coronavirus disease ("COVID-19") through his facility justifies his early release. Defendant is 42 years old and presently incarcerated at F.C.I. Milan. He argues that is he particularly vulnerable to contracting the virus because he suffers from Type II diabetes and states that the close physical conditions of his incarceration make social distancing impossible. (ECF No. 314, PageID.1466.) However, he admits that he failed to exhaust his administrative remedies before filing the instant motion. (*Id.* at PageID.1467.) The

Government does not substantively respond to Defendant's motion but rather argues that the motion must be denied without prejudice based on Defendant's failure to exhaust. The court agrees with the Government and will deny the motion without prejudice.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). In this case, the BOP did not file the current motion and has not provided any endorsement or support. Second, after the passage of the First Step Act in 2018, Defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant concedes that he has not exhausted his administrative remedies. Based on this concession, the court must deny his motion without prejudice because his claim is not yet ripe for disposition. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either complete all administrative appeals or wait 30 days; Defendant has apparently done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489

2

(2015)) ("If the statutory language is plain, we must enforce it according to its terms."); *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (explaining that courts lack the discretion to waive "a congressionally established exhaustion imperative, not a judicially created one.").

In light of the plain language of the statute, the Sixth Circuit has held that unexhausted motions under § 3582(c)(1)(A) must be dismissed without prejudice. *See United States v. Alam*, ___ F.3d ____, No. 20-1298, 2020 WL 2845694, at *1 (6th Cir. June 2, 2020). In *United States v. Alam*, a federal prisoner sought compassionate release in district court after requesting relief from his prison warden. *Id.* at *1. The prisoner had not exhausted administrative appeals and waited only ten days after submitting his request to the warden before moving for compassionate release. *Id*. The district court dismissed without prejudice the prisoner's claims for failure to exhaust. Id*.* The Sixth Circuit affirmed the district court, reasoning that § 3582(c)(1)(A) included a "mandatory claim-processing rule[]" that "must be enforced." *Id*. at *3 (quoting *Hamer v. Neighborhood Hous. Servs. Of Chi.*, 138 S. Ct. 13, 17 (2017)). The Sixth Circuit added that § 3582(c)(1)(A)'s exhaustion requirement was in place for good reason. *Id*. at *4. "It ensures that the prison administrators can prioritize the most urgent claims . . . [and] that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id*. Consistent with this directive, the court will deny Defendant's motion without prejudice. Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 314) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\06-20411.R.WILLIAMS.CompasionateReleaseCovid.HEK .docx