UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                  Case No. 06-20411

RUDOLPH DARLON WILLIAMS,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE AND DENYING HAS MOOT
DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

On June 22, 2020, the court denied without prejudice a motion for compassionate release filed by Defendant Rudolph Darlon Williams. (ECF No. 318.) In that motion, Defendant argued that the spread of COVID-19 throughout his facility, Milan FCI, in conjunction with Type II diabetes diagnosis, justified his early release. (ECF No. 314, PageID.1466.) The court denied his motion without because Defendant failed to exhaust his administrative remedies prior to filing. Pending before the court is Defendant's motion for "reconsideration" of that opinion, which the court construes as a second motion for compassionate release. (ECF No. 323.) Defendant has also filed a motion for appointment of counsel to assist with his compassionate release request. (ECF No. 322.) The court previously determined that these motions would be decided without oral argument. (ECF No. 324.)

The Government concedes that Defendant has now exhausted his administrative remedies for compassionate release and that his diabetes diagnosis, in light of the COVID-19 pandemic, constitutes a serious medical condition under the U.S. Sentencing

Guidelines Manual § 1B1.13(1)(A) & cmt. n.1(A). (ECF No. 327, PageID.1603, 1607.) However, the Government argues that the motion should be denied because Defendant would pose a danger to the community if released and also because the sentencing factors the court must consider under 18 U.S.C. § 3553 do not weigh in favor of early release. (*Id.* at PageID.1607–11.) For the reasons explained below, the court agrees with the Government's position and will deny Defendant's motions.

The court cuts to the merits of Defendant's motion because the Government does not contest the issue of exhaustion. *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."). If, such as in this case, a Defendant presents "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A), the court must then consider the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Relevant here, § 1B1.13 provides that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g).

The Government argues that Defendant would pose a danger to the community if released because Defendant is a "violent drug dealer" with a history of armed robbery. (ECF No. 327, PageID.1610.) The Government also points to Defendant's failure to comply with the terms of his parole on the armed robbery offenses. (*Id.*) The court agrees with the Government's assessment. In the instant case, Defendant was

convicted of one count of conspiracy to possess with intent to distribute cocaine and heroin under 21 U.S.C. §§ 846, 841(a)(1) and one count of killing a person while engaged in an offense punishable under 18 U.S.C. § 924(j) for his involvement in the planning and murder of former drug trafficking accomplice. (ECF No. 120, PageID.232; ECF No. 267, PageID.973.) Defendant's involvement in a drug-related murder, drug trafficking, and armed robberies, are more than sufficient to establish that Defendant would pose a danger to the community if released, particularly at this stage in his sentence. *See United States v. Stone*, 608 F.3d 939, 947–48 & n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). Additionally, the court does not find that the sentencing factors it weighs most heavily under 18 U.S.C. § 3553(a) justify Defendant's release nearly six years yearly.

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming denial of compassionate release after consideration of § 3553(a)'s factors).

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). As explained above, Defendant's instant crime—involving the murder of a drug trafficking rival—and his previous armed robbery convictions all constitute serious and violent offenses. Though the court recognizes that Defendant has participated in educational programs through his facility (ECF No. 323, PageID.1567–1578), this participation, necessary and beneficial as it may be, does not outweigh the serious and violent nature of Defendant's crimes. This factor strongly weighs against release.

**"The need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). The court considers this factor most heavily in denying the instant motion. Defendant was implicated in a drug-related murder; few, if any crimes are more severe than those involving homicide. Continued incarceration is necessary to impose adequate punishment and reflect the seriousness of these crimes.

4

**"The need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). The court concludes that release nearly six years early would not promote deterrence from further criminal conduct.

In sum, the fact that Defendant suffers from a medical condition which increases his possible vulnerability to COVID-19 does not, in itself, justify the extraordinary remedy of compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of Covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). To be eligible for release, the court must conclude that Defendant would not pose a risk to the community. But for the reasons explained above—especially at this stage in Defendant's sentence—the court cannot make this required finding based Defendant's history of violent criminal behavior. To the extent Defendant's motion could be construed as a request for home confinement, the court will deny such request because the BOP holds the exclusive authority to determine a prisoner's place of imprisonment. 18 U.S.C. § 3621(b). Accordingly,

IT IS ORDERED that Defendant's motion for compassionate release (ECF No. 323) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for appointment of counsel (ECF No. 322) is DENIED AS MOOT.

s/Robert H. Cleland          /<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                         /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\06-20411.R.WILLIAMS.ReconsiderationCompassionateReleaseCovid.HEK .docx